Matter of Christopher C. (2025 NY Slip Op 06005)

Matter of Christopher C.

2025 NY Slip Op 06005

Decided on October 30, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 30, 2025

CV-25-0027

[*1]In the Matter of Christopher C., Appellant.

Calendar Date:September 9, 2025

Before:Garry, P.J., Aarons, Fisher, McShan and Mackey, JJ.

Copps DiPaola Silverman, PLLC, Albany (Joseph R. Williams of counsel), for appellant.

Aarons, J.

Appeal from that part of an order of the Supreme Court (James Walsh, J.), entered December 10, 2024 in Saratoga County, which, in a proceeding pursuant to Civil Rights Law § 60, denied petitioner's request to seal court records.

Petitioner, a transgender individual, commenced this Civil Rights Law article 6 proceeding to change her name and to seal the court record of this proceeding. In connection with the sealing request, petitioner affirmed that she was concerned about "retaliation" against her by her employer as well as general violence against transgender individuals. Supreme Court granted the petition to change her name but denied her sealing request because the court's list of "public interest concerns" outweighed the threat to petitioner's safety posed by an open record of the proceeding.[FN1] Petitioner appeals, and, for the reasons stated in Matter of Kieran B. (___ AD3d ___, ___ [3d Dept 2025] [decided herewith]), we modify the appealed-from order to grant petitioner's sealing request pursuant to Civil Rights Law § 64-a.

Garry, P.J., Fisher, McShan and Mackey, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied petitioner's request to seal court records; application granted to that extent; and, as so modified, affirmed.

Footnotes

Footnote 1: That list "include[ed], but [was] not limited to, the due process of any judgment creditors, the effects upon powers of attorney, any unknown implications with Article 81 proceedings, the due process in foreclosure actions, deed recordation and title insurance, mortgages recorded with the County Clerk's office, probate matters, interference with single scope background investigations for security clearance purposes or firearm authorizations, and lastly, any adverse impact upon future genealogical research."